SOWELL *v.* MOHAWK OIL DEVELOPMENT CO.

1. CORPORATIONS—OFFICERS—SALARIES—BUSINESS MANAGER—REPRE-
    SENTATION TO SECURITIES COMMISSION—ESTOPPEL.
    Representation to securities commission, in application for license
    to sell stock in a business corporation to the public, that no
    officer was receiving a salary would not bar employment and
    payment of salary as business manager of one who made such
    representation under oath as secretary and treasurer of the
    corporation.

2. SAME—SUBSCRIPTIONS—ASSIGNMENT OF OIL LEASE.
    Finding of jury that assignment of oil lease directly to defend-
    ant corporation through plaintiff was in satisfaction of his
    subscription for $1,000 of stock *held*, controlling as against
    contention that such subscription should be charged against
    him in his suit for salary and commissions.

3. SAME—ESTOPPEL—SALARIES.
    Letter containing representations to securities commission by at-
    torney applying for license to sell stock to public that no money
    would be spent for salaries ''until the property is developed
    in a paying manner'' *held*, properly excluded from considera-
    tion by jury where it is not shown knowledge thereof was
    brought to plaintiff, who was an officer, and suing corporation
    for salary and commissions as its business manager.

4. SAME—BURDEN OF PROOF—INSTRUCTIONS—COLLUSION.
    Corporation's claim that its business manager who was also its
    secretary and treasurer had received $1,000 collusively even
    with the consent of the other officers *held*, properly covered by
    instruction to jury that defendant had burden of proof of
    showing plaintiff did receive that sum and received it im-
    properly without express or implied authorization of board
    of directors of defendant.

5. APPEAL AND ERROR—VERDICT—WEIGHT OF EVIDENCE.
　　In action against corporation for salary, commissions and other sums due plaintiff, verdict, as reduced by remittitur *held*, not contrary to the weight of the evidence.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 19, 1938. (Docket No. 111, Calendar No. 39,974.) Decided October 5, 1938.

Assumpsit by William C. Sowell against Mohawk Oil Development Company, a Michigan corporation, for salary, commissions and other sums due. Defendant claimed set-off. Verdict and judgment for plaintiff. Remittitur filed. Defendant appeals. Affirmed.

*Pierce, Planck & Ramsey,* for plaintiff.

*Ernest C. Smith,* for defendant.

WIEST, C. J. This is an action in assumpsit, with declaration alleging sums due from defendant for contract salary as business manager, unpaid commissions on sales of syndicate interests, money due on a note, sums paid in behalf of defendant and money due on assignment of a lease, amounting in all to $6,217.36. Defendant, by answer, averred the invalidity, as hereinafter mentioned, of a part of plaintiff's claim and asserted that he owed defendant $4,743.68. Most of the claims presented issues of fact, were tried by jury and are at rest by verdict, sustained by evidence, and the judgment.

At the trial plaintiff abandoned one claim of $500, and the court held he could not recover on his claim of $1,000, to be paid him in money in connection with the procuring of a lease for defendant, and so instructed the jury. The jury, evidently through

some misunderstanding, included in the verdict the excised items.   Defendant's motion for a new trial was granted unless plaintiff filed a remittitur of $1,600.   The remittitur was filed and defendant prosecutes an appeal.

Plaintiff was one of the organizers of defendant corporation, a director and secretary and treasurer, and, by contract, was its business manager under an agreed weekly salary.   In the application to the securities commission for a license to sell stock in the corporation to the public, plaintiff, as secretary and treasurer, stated, under oath, that no officer was receiving a salary.

It is contended that such representation bars plaintiff from recovering compensation under contract of employment as business manager.   Assuming, for the purpose of this case, that such representation would bar all official salary, whether so designated or such in fact, it does not follow that it bars employment, in the affairs of the company, of a business character, not within the compass of official duties.   The evidence established the proper separation between the alleged bar and the open way and the point is without merit.

Plaintiff, an organizer of the corporation, was in position to obtain for the company, when organized, an oil lease, either by assignment to or through him to the company, and, by agreement of the incorporators, the lease, by his direction, was assigned directly to the company and plaintiff's subscription for stock to the amount of $1,000 satisfied by agreement to such effect.

Defendant contends that plaintiff "must make good on his subscription or in property fairly valued," and, therefore, the $1,000 subscription should be charged against him.

The trial judge instructed the jury:

"It is the claim of the defendant that the plaintiff is still obligated to the defendant to pay defendant for 100 shares of stock, issued by defendant to plaintiff, at the time of the formation of the corporation in October, 1933. Plaintiff claims that the stock was paid for by the procuring and turning over of the lease on the so-called Duncan farm. Defendants contend that the plaintiff subscribed for 100 shares of stock in the defendant corporation, agreeing to pay therefor the sum of $1,000; that there was no agreement or arrangement by virtue of which plaintiff was to receive that stock for procuring and turning over the lease. Rather, defendant's theory is that Mr. Sowell, Mr. Ross and Mr. Lindell, each subscribed $1,000, each to receive 100 shares of stock; that Mr. Ross and Mr. Lindell paid their subscription but that Mr. Sowell, although obligated to do so, did not. So the claim of the defendant with reference to the subscription price of the stock, simply comes down to this; did the plaintiff here agree to pay the defendant $1,000 for stock, as defendant contends, or was the understanding and arrangement as claimed by the plaintiff? In other words, that he, the plaintiff, was to receive the stock, and did receive it for procuring and turning over the lease. It will be necessary for you to decide from the evidence offered before you, if you are able to do so, just what the agreement was with reference to that stock."

As between plaintiff and the corporation the fact, as found by the jury, controls.

The attorney for the corporation applied to the securities commission for a license to sell stock to the public and represented in his letter that:

"The incorporators have paid for their stock in cash. * * * No money has gone into the promo-

tional work and under present plans, none will be used for promotion, nor will any be spent for salaries, until the property is developed in a paying manner."

The court excluded the letter until knowledge of the contents thereof was brought home to plaintiff. Such knowledge was not shown. The trial judge stated:

"As between the officers of the company and third parties, I am inclined to think your position would be correct, Mr. Smith, but that kind of a situation is not here presented, is it?

"*Mr. Smith:* I am presenting it for this particular purpose, to show that no officer of the company can go before the Michigan securities commission and represent that he is not drawing a salary from the company, and ask for a validation of the stock to be sold to the public and then after that collect a salary.

"*The Court:* I see your position but I do not think the rule that you have referred to applies here, as the record stands."

We agree with circuit judge that in this action the representations by the attorney, without knowledge thereof brought home to plaintiff, did not work an estoppel.

Counsel for defendant asks the following question:

"Can the plaintiff profit $1,000 through a collusive agreement with the well-driller to pad the contract $1,000, even with the consent of the other officers?"

We think the court properly covered this subject by the following instruction:

"It is also the claim of the defendant that the plaintiff improperly received from the defendant, in

connection with the so-called Bernier drilling lease, the sum of $1,000. Plaintiff denies that he received any such sum. So there the burden of proof is on the defendant to show, first, that the plaintiff did receive the sum of $1,000, and second, that he received it improperly, that is, without any authority from the defendant, through its board of directors, to be paid that sum. There again it will be necessary for you to decide from the evidence, what the facts actually were, and base your conclusion, with reference to that item, on the facts so found. If plaintiff did actually receive the sum of $1,000 in connection with, or in some way under the Bernier contract, receive it from the defendant and received it without the authorization, expressed or implied, of the board of directors of the defendant company, then defendant is entitled to recover that amount. If such was not the situation, then the defendant is not entitled to recover that amount.''

The record has been examined and the verdict of the jury, to the amount of the judgment reduced by remittitur, cannot be held contrary to the weight of the evidence.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.